UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON GRIFFIN | CIVIL ACTION |
| VERSUS | NO.  12-2144 |
| ROBERT TANNER, WARDEN | SECTION "N"(4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including

an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant

to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section**

**2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be

disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual Background

The petitioner, Brandon Griffin ("Griffin"), is a convicted prisoner incarcerated in the Rayburn

Correctional Center, in Angie, Louisiana.[2] The record reflects that, on August 9, 2007, a confidential

informant told Sergeant Fred Ohler ("Ohler"), with the Slidell Police Department, that the defendant

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. 1.

and a female were selling crack cocaine throughout the Slidell area.[3]  The confidential informant put

Ohler in contact with the defendant by telephone.[4]   While working undercover, Ohler told the

defendant that he needed $200 worth of crack cocaine and that he was at the Deluxe D Motel, Room

111, in Slidell.  Griffin called back minutes later and spoke to Sergeant Brad Rummell, ("Rummel")

with the St. Tammany Parish Sheriff's Office, who was also working in an undercover capacity.

Griffin told Rummell to step outside of the motel room and that, when Griffin saw him, he would send

in two girls with the drugs.  The two females exited the vehicle and entered the motel room.  One of

the females handed Rummell crack cocaine in exchange for $200.  A takedown signal was then given

and the females were arrested.

On October 5, 2007, Ohler and Detective David Lentz, ("Lentz") with the Slidell Police Department, approached

the defendant, who had never left the vehicle.  Ohler advised the defendant to exit the vehicle and

asked him if the two females who went inside the motel room traveled with him.  The defendant

responded yes.  Ohler asked the defendant if he had any contraband or weapons in his pockets or the

vehicle.  The defendant nervously responded in the negative.  After observing Griffin motion toward

his right pocket, Ohler asked him to remove the contents from his pockets.  As the Defendant began

removing something from his pocket, Ohler observed the corner of a cellophane bag.  Ohler

subsequently seized the bag and discovered that it contained crack cocaine.

On  October 5, 2007, Griffin was charged by Bill of Information in Jefferson Parish with one

Count of Distribution of a Schedule II Controlled Dangerous Substance by intentionally distributing

---

[3]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal. *State v. Griffin*, 2009 WL 3162171(La. App. 1st Cir. 2009); St. Rec. Vol. 3 of 6, 5th Cir. Opinion, 09-KA-0423, pp. 2-3-8, 09/11/09.

[4]*Id., State v. Griffin,* 2009 WL 3162171, at *1.

a Schedule II controlled dangerous substance, Cocaine.[5] On January 30, 2008, another Bill of Information was filed. [6] The Second Bill recharged Griffin with Count I and also added a second count, namely possession with the intent to distribute a Schedule II controlled dangerous substance by knowingly possessing with the intent to distribute a Schedule II Controlled Dangerous substance, Cocaine.[7]

The State then filed a habitual offender bill charging Griffin as a third felony offender.[8] At the habitual offender hearing, Griffin admitted to the allegations of the habitual offender bill and waived the hearing.[9]  He was then adjudicated a third-felony habitual offender.[10]  Griffin was tried by jury August 12, 2008 through August 13, 2008.[11]  Griffin was found guilty as charge on Count I, distribution of cocaine, attempted distribution of cocaine, possession of cocaine and attempted possession of cocaine, and found guilty of a responsive verdict of possession of cocaine, on Count II.[12] On the enhanced distribution of cocaine conviction, Griffin was sentenced to twenty-five years at hard labor without benefit of probation, and with two years of the sentence to be served without benefit of parole.[13]  On the possession of cocaine conviction count, Griffin was sentenced to five years at hard

---

[5]St. Rec. Vol. 1 of 5, Bill of Information, 10/05/07, p. 24.

[6]St. Rec. Vol. 1 of 5, Amended Bill of Information, 01/30/08, p.26.

[7]*Id.*

[8]*See State v. Griffin,* 2009 WL 3162171, at *1.

[9]*Id.*

[10]*Id.*

[11]St. Rec. Vol. 1 of 5, Jury Venire Report, 08/12/08, pp. 9, 68.

[12]St. Rec. Vol. 1 of 5, Verdict of the Jury, Counts I and II, 08/13/08, p.86-90.

[13]*Id.*

labor with two years of the sentence to be served without benefit of parole.[14]  The five-year sentence

was ordered to run concurrently with the twenty-five-year sentence.[15]

### A.     Appeal

 On December 18, 2008, Griffin filed a notice of appeal which was returnable on February 25,

2009.[16]  On April 2, 2009,  Griffin through his counsel, after an extension, timely filed his appeal brief

in which he asserted two issues; (1) the sentence imposed on Count 2 is illegally excessive; and (2)

the trial court erred in failing to properly inform the defendant of the prescriptive period for post

conviction relief.[17]   On September 11, 2009, the Circuit Court rendered an opinion affirming the

convictions and the habitual offender adjudication.  The conviction for Counts I and II  was affirmed.

The conviction for Count II was amended and remanded with instructions to correct the minutes and

if necessary the commitment order.[18]

Griffin's conviction became final 30 days later, on Tuesday October 13, 2009,[19] because he did

not file for rehearing or timely seek review in the Louisiana Supreme Court.  *Butler v. Cain*, 533 F.3d

314 (5th Cir. 2008) (appeal is final when the state defendant does not timely proceed to the next

available step in an appeal process) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)).

---

[14]*Id.*

[15]*Id.*

[16]St. Rec. Vol. 3 of 5, Motion and Order for Appeal, Appeal Notice, 2009-KA-0423, 03/05/09.

[17]St. Rec. Vol. 4 of 5, Appellant Brief, State v. Griffin, First Circuit Court of Appeal,  2009-KA 0423, 03/30/09.

[18]St. Rec. Vol. 4 of 5, Order, First Circuit Court of Appeal, 2009-KA-0423, 09/11/09.

[19]Day thirty was Sunday, October 11, 2009.  The deadline therefore fell on Monday, October 12, 2009, which was Columbus Day.  Because this is a state-recognized holiday, the deadline now becomes Tuesday, October 13, 2009. *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation of period when it would otherwise be the last day of the period).

### B.    Post-Conviction Application

On November 3, 2010, Griffin filed a Uniform Application for Post Conviction Relief.[20]  In the application for post conviction relief Griffin alleged (1) that his right of confrontation was violated when the court allowed detective Ohler and Rummel to testify about the confidential informant's report of a crime being committed and (2) he was denied effective assistance of counsel.[21] On December 7, 2010, the trial judge denied the post conviction application.[22]

On January 21, 2011, Griffin filed a notice of intent to seek writs from the denial of his Post Conviction Application.[23]  The application for Post Conviction Relief to the First Circuit Court of Appeal was filed on August 29, 2011.  The First Circuit Court of Appeal denied Griffin's application for Post Conviction relief.  In so doing the court noted that the trial court erroneously applied the procedural bar of La. Code Crim. P. art. 930.4 (A).[24]  Griffin filed a writ with the Louisiana Supreme Court on June 8, 2011 which was denied on March 23, 2012.[25]

## II.    Federal Petition

On August 24, 2012,[26] the clerk of this Court filed Griffin's petition for federal habeas corpus relief, in which he raised the following grounds for relief: (1) trial counsel failed to object to the

---

[20]St. Rec. Vol. 3 of 5, Uniform Application for Post Conviction Relief, 11/03/10.

[21]St. Rec. Vol. 3 of 5, Uniform Application for Post Conviction Relief, 11/03/10.

[22]St. Rec. Vol. 3 of 5, Order with Reasons, Case No. 436,355, 12/7/10.

[23]St. Rec. Vol. 3 of 5, Notice of Intent to Seek Writs and Request Return Date, 12/21/10.

[24]St. Rec. Vol. 3 of 5, Order, First Circuit Court of Appeal, 2011-KW-1166, 08/29/11.

[25]St. Rec. Vol. 3 of 5, Order- Louisiana Supreme Court, 2011-KH-1180, 03/26/12.

[26]Here the record evidence that Petitioner signed the habeas forms on August 13, 2012, and the forms were mailed on August 17, 2012. Thus, although filed by the Clerk into the record on August 24, 2012, the Court constitutes the filing date, on August 13, 2012, pursuant to the mailbox rule. *See* n.31, *infra*.

hearsay testimony of the officers regarding an out of court statement made by a confidential informant; (2) appellate counsel was ineffective for failing to raise and brief his confrontation clause claims on appeal; and (3) Griffin was denied his Sixth Amendment right to confront and cross examine his accuser at trial.[27]

The State filed a memorandum in opposition arguing that Griffin's petition was not timely filed as Griffin did not comply with the rules of the appellate courts which required the attachment of the necessary documentation, pursuant to Rule 4-5 of the Uniform Rules of the Courts of Appeal.[28] Griffin filed a reply to the defendants opposition in which he contends that he diligently kept up with both state and federal law.[29]

## III.   <u>General Standards of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[30] applies to this petition, which is deemed filed in this court under the federal mailbox rule on August 13, 2012.[31] The threshold questions in habeas review under the amended statute are

---

[27]R. Doc. 1.

[28]R. Doc. 14, Memorandum in Opposition to Application for Habeas Corpus, 11/02/12.

[29]R. Doc. 15, Reply to Defendant's Opposition to Habeas Petition by Brandon Griffin, 11/26/12.

[30]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[31]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Griffin's federal habeas petition on August 24, 2012. Griffin's Motion to Proceed In Forma Pauperis, was filed on August 20, 2012. *See* R. Doc. 2, p.1. The in forma pauperis motion was notarized on August 16, 2012, but signed on August 13, 2012. *Id*. at 2. Therefore, August 13, 2012, is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing. The fact that the habeas petition was filed on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule

whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the

merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in

"procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28

U.S.C. § 2254(b), (c)); *see also Day v. McDonough*, 547 U.S. 198, 205 (2006) (recognizing the

AEDPA's statute of limitations as a threshold determination).

The State argues that Griffin's federal petition was not timely filed. Albiet for reasons different

from those asserted by the State, the Court finds that the petition was not timely filed and should be

dismissed for that reason.

## IV.    <u>Statute of Limitations</u>

Griffin's federal petition is considered filed under the "mailbox rule" on August 13, 2012.[32]

The AEDPA therefore applies to Griffin's petition. The AEDPA requires a petitioner to bring his Title

28 U.S.C. § 2254 claim within one year of the date his conviction became final.[33]  *Duncan v. Walker*,

---

applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 376).

[32]The Fifth Circuit has recognized that the "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 377). *See also* R. Doc. 1, p. 5. Here the record evidence that Petitioner signed the habeas forms on August 13, 2012, and the forms were mailed on August 17, 2012. Therefore the Court shall consider the earlier of the two dates.

[33]The statute of limitations provision of the AEDPA provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.       the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.       the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.       the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

533 U.S. 167, 179-80 (2001).  The record reflects that Griffin's conviction became final on Tuesday, October 13, 2009 when he failed to seek review from the United States Supreme Court. Therefore, Griffin had until Wednesday, October 13, 2010, to timely file his federal habeas petition, but failed to file it until August 13, 2012.[34] Thus, literal application of the statute of limitations would bar Griffin's Title 28 U.S.C. § 2254 petition as of October 13, 2010, unless he is entitled to tolling.

### A.    Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* Title 28 U.S.C. § 2244(d)(2).  In order for a State post-conviction application to be considered "properly filed" within the meaning of Title 28 U.S.C. § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Williams v. Cain*, 217 F.3d 303, 307 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).

A matter is "pending" for Title U.S.C. § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 ([a] matter is "pending" for [Title 28 U.S.C.] Section 2244(d)(2) purposes until further appellate review is unavailable under the particular state's procedures) (quoting *Bennett*

---

        D.      the date on which the factual predicate of the claim or claims presented
                could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. Title 28 U.S.C. § 2244(d).

[34]*See* R. Doc. 1, p. 5.

*v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

In this case, Griffin's one-year AEDPA filing period began to run on October 14, 2009, the first day after his conviction became final, and ran uninterrupted for 385 days, until he filed a state post-conviction application on November 3, 2010. The limitations period previously expired on October 12, 2010 as there was no application that was properly pending in the state courts. *See Grillette v. Warden, Winn Correctional Center,* 372 F.3d 765, 769 (5th Cir. 2004)(collateral review process is "in continuance" so long as one "full round of state habeas proceedings is properly in progress.") A "full round" of collateral review includes not only the state trial court's consideration but also the "timely appeal from that denial" all the way to the highest state court. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

## B. No Basis for Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (emphasis added).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional

standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in a psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Griffin has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under the § 2244(d) computation.  The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above. Had Griffin diligently pursued the full-extent of his state court remedies in a timely manner, he could have better preserved the federal filing period.

Griffin's federal petition is deemed filed in this Court on August 13, 2012, which was over two years after the AEDPA filing period expired on October 13, 2010.  His petition should be dismissed as time-barred.

## V.      Recommendation

It is therefore **RECOMMENDED** that Brandon Griffin's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time- barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[35]

New Orleans, Louisiana, this 29th day of October, 2013.

 

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[35]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.