UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON GRIFFIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2144** |
| **ROBERT TANNER, WARDEN** | **SECTION "N"(4)** |

## REPORT AND RECOMMENDATION

The **petitioner, Brandon Griffin**, has filed an appeal from the judgment of this Court denying his habeas corpus petition.[1] The United States Fifth Circuit Court of Appeals issued a limited remand of this matter to the District Court solely to determine the date on which Griffin delivered his Notice of Appeal to prison officials for mailing.[2] On July 7, 2014, the matter was referred to the undersigned Magistrate Judge for issuance of a Report and Recommendation addressing the issue.[3]

This Court issued a final Judgment dismissing Griffin's habeas corpus petition with prejudice as time-barred on November 26, 2013.[4] The clerk of the United States Fifth Circuit received a pleading entitled "Certificate of Appealability" from Griffin on January 7, 2014.[5] That same day, the clerk of the United States Fifth Circuit forwarded the pleading to the clerk of this District Court

---

[1] Rec. Doc. No. 21.

[2] Rec. Doc. No. 22.

[3] Rec. Doc. No. 24.

[4] Rec. Doc. No. 19.

[5] Rec. Doc. No. 21. pp. 1, 21.

to be treated and processed as a Notice of Appeal.[6] In keeping with that directive, the clerk of this Court filed the pleading as a Notice of Appeal on January 7, 2014.[7]

Upon its initial review of the appeal, the United States Fifth Circuit recognized that Griffin should have filed a notice of appeal on or before December 26, 2013, for it to be timely.[8] The Court acknowledged that a *pro se* prisoner's notice of appeal is deemed filed when it is delivered to prison officials for forwarding to the Court. *Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006). The record, however, did not provide adequate information to determine when Griffin gave his Notice of Appeal to prison officials for mailing.

To ascertain more precise information, the undersigned issued an order to Griffin and to the Warden of the B.B. "Sixty" Rayburn Correctional Center ("RCC"), where Griffin was housed at the time of the filing of the Notice of Appeal.[9] On July 21, 2014, counsel for Warden Tanner promptly replied, with an attached response from the prison officials, indicating that Griffin's legal mail logs showed that nothing was mailed from Griffin to this District Court or to the United States Fifth Circuit between November 26, 2013 and December 26, 2013. The record instead showed that Griffin presented an envelope for mailing to this District Court on November 19, 2013 (prior to entry of the District Court's Judgment) and later presented an envelope for mailing to the United States Fifth Circuit on January 6, 2014.

---

[6]Rec. Doc. No. 21, p. 21.

[7]Rec. Doc. No. 21.

[8]*Id.*

[9]Rec. Doc. No. 25.

The petitioner also replied to the Court's order by unsigned letter.[10]  Attached to his letter is a copy of two entries from the RCC outgoing legal mail log indicating that he gave the mail room an envelope to be mailed to this District Court on November 19, 2013 and an envelope to be mailed to the Louisiana State University Law Center on December 3, 2013.  Griffin does not mention the date on which his "Certificate of Appealability" was delivered to prison officials for mailing to the United States Fifth Circuit.

Accordingly, the best information available to the Court is that appearing in the RCC mail logs received from prison officials which indicate that, on January 6, 2014, Griffin presented his "Certificate of Appealability" to the prison mail room for mailing to the United States Fifth Circuit.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the District Judge inform the United States Fifth Circuit Court of Appeals that the RCC prison records indicate that Griffin presented his "Certificate of Appealability," later treated as a Notice of Appeal, to prison officials for mailing to the Fifth Circuit on January 6, 2014.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[10]Rec. Doc. No. 27.

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[11]

    New Orleans, Louisiana, this 14th day of August, 2014.

                                                **KAREN WELLS ROBY**
                                **UNITED STATES MAGISTRATE JUDGE**

---

[11]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.